**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4432**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LEONTE MACK,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:09-cr-00247-PJM-1)

———————

Submitted: July 11, 2011        Decided: August 11, 2011

———————

Before KING and DAVIS, Circuit Judges, and Hamilton, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, William D. Moomau, Adam K. Ake, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonte Demetrius Mack appeals his 300-month sentence following his conviction of two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Counts One and Four"); one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) ("Count Two"); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) ("Count Three"). The convictions stemmed from an investigation of a shooting. On appeal, Mack claims that the district court erred in denying his motions to suppress an eyewitness identification and statements he made during custodial interrogation, and that the district court imposed an unreasonable sentence. Finding no reversible error, we affirm.

Mack first challenges the district court's admission of an out-of-court eyewitness identification in a photo array and the related in-court identification. We review de novo a district court's admission of an eyewitness identification. United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007). "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" Id. (quoting

2

*Simmons v. United States*, 390 U.S. 377, 384 (1968)). No due process violation occurs if the "identification was sufficiently reliable to preclude the substantial likelihood of misidentification." *United States v. Johnson*, 114 F.3d 435, 442 (4th Cir. 1997).

The defendant bears the initial burden of production in challenging the admissibility of an out-of-court identification. See *id.* at 441. First, the defendant must show that the identification procedure was impermissibly suggestive. *Saunders*, 501 F.3d at 389. If the defendant is successful, the Court must then consider any evidence adduced by the Government as to "whether the identification was nevertheless reliable in the context of all of the circumstances." *Id.* at 389-90. If a witness's out-of-court photo identification is unreliable and, therefore, inadmissible, any in-court identification lacking an independent source is also inadmissible. *Simmons*, 390 U.S. at 383-84; cf. *Coleman v. Alabama*, 399 U.S. 1 (1970); *United States v. Wade*, 388 U.S. 218, 241 (1968).

On appeal, we may uphold a district court's denial of a motion to suppress an out-of-court identification if we find the identification reliable, without determining whether the identification procedure was unduly suggestive. *Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994). In assessing the reliability of an out-of-court identification, we examine

3

(1) the witness's opportunity to view the suspect at the time of the crime; (2) the witness's degree of attention at the time; (3) the accuracy of the witness's initial description of the suspect; (4) the witness's level of certainty in making the identification; and (5) the length of time between the crime and the identification.

Saunders, 501 F.3d at 391.

Even assuming that the photo identification was impermissibly suggestive as Mack contends, we hold that the district court did not err in permitting the testimony as reliable. The eyewitness had a good opportunity to view the shooter at close range and selected Mack's picture from the photo array with confidence less than seven hours after the shooting. Mack argues that the eyewitness's identification was unreliable because the witness's description of him was inadequate. To the contrary, we conclude that the district court correctly determined that, though sparse, the eyewitness's description was accurate. Accordingly, because the five factors weigh in favor of reliability, we hold that the district court did not err in admitting the identification testimony.

Mack next claims that the district court erred in admitting the statements he made during custodial interrogation. We review the factual findings underlying a denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). Statements obtained from a

4

defendant during custodial interrogation are admissible only if the Government shows that law enforcement officers adequately informed the defendant of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and obtained a waiver of those rights. <u>United States v. Cardwell</u>, 433 F.3d 378, 389 (4th Cir. 2005). A waiver is only valid if the defendant waives his rights knowingly and voluntarily. <u>Id.</u> This Court assesses a <u>Miranda</u> waiver by examining the totality of the circumstances to determine (1) "whether the defendant 'had full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it;'" and (2) "whether the defendant's statement was 'the product of a free and deliberate choice [or the result of] intimidation coercion, or deception.'" <u>Id.</u> (quoting <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986)).

During the interrogation, Mack told the interviewing officer that Jesus told him to stop talking and the interrogation ceased. Mack contends that this circumstance suggests that he did not have full awareness of the rights he was abandoning. We hold that the district court did not err in rejecting this contention. The district court properly credited the officers' testimony and weighed the presence of Mack's initials and signature on the waiver form in finding the evidence insufficient to show that Mack lacked the capacity to understand the waiver. Mack did not present any other evidence

5

of his alleged incompetency in the district court, and he does not claim that his waiver was coerced. Accordingly, we conclude that the district court did not err in finding that Mack knowingly and voluntarily waived his Miranda rights.[*]

Finally, Mack contends that the district court imposed an unreasonable sentence. Because Mack did not request a specific sentence other than the one ultimately imposed, his claim is reviewed for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall v. United States, 552 U.S. 38, 51 (2007).

---

[*] Mack also argues, without support, that the statements should have been suppressed because the interrogating officer failed to adequately document them. We hold that documentation of the interrogation is relevant only to the officer's credibility, not the voluntariness of Mack's statements. Further, because the officer prepared notes immediately following the interrogation and Mack did not present any evidence showing that the officer's testimony was incredible, the district court did not clearly err in admitting the statements. See United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995) (noting that we review credibility determinations at hearings on pre-trial motions to suppress for clear error, according deference to the district court).

6

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence, showing that it has a reasoned basis for its decision and has considered the parties' arguments. Id. A sentencing court need not, however, "robotically tick through" otherwise irrelevant subsections of § 3553(a). See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the degree of the variance." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). While we may presume that a sentence within the Guidelines range is reasonable, we may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 552 U.S. at 51.

Mack claims that his sentence was unreasonable because the district court failed to adequately analyze the § 3553(a) factors in support of its above-Guidelines sentence. The record belies Mack's contention, however, as the district court explicitly discussed several of the § 3553(a) factors and their application to Mack. Mack argues that his 300-month sentence runs contrary to the court's rejection of the career offender Guidelines. In fact, Mack's sentence remains sixty months below the low end of the applicable career offender Guidelines range. The court also stated that it believed the Guidelines insufficient to reflect the seriousness of the offense and adequately protect the public. In light of the court's careful discussion of its reasons for the upward variance, the district court did not abuse its discretion in sentencing Mack to an above-Guidelines sentence.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

8